Peter Schlueter - SBN 155880
SCHLUETER LAW FIRM, PC
22400 Barton Road, No. 21-538
Grand Terrace, CA 92313
P: 909.381.4888
F: 909.381.9238
E: Schlueterlawoffice@Yahoo.Com

Attorneys for Plaintiff Treasure Ortiz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Treasure Ortiz, an individual,<br><br>PLAINTIFF,<br><br>V.<br><br>City of San Bernardino, a municipality; San Bernardino Police Officers Association, an unincorporated association; Eric McBride, an individual and in official capacity; Steve Desrochers, an individual; Jose Loera, an individual; James Penman, an individual; Darren Goodman, an individual and in official capacity; and DOES 1 through 10, inclusive,<br><br>DEFENDANTS. | Case No.: 2:25-10650<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Fourteenth Amendment Substantive Due Process Violation 42 U.S.C. § 1983<br>2. Fourth Amendment Violation- 42 U.S.C. § 1983<br>3. First Amendment Retaliation - 42 U.S.C. § 1983<br>4. Equal Protection Violation-42 U.S.C. § 1983<br>5. *Monell* Liability-42 U.S.C. § 1983<br>6. Violation of California Constitution, Article I, § 1 – Right to Privacy<br>7. Bane Act – Cal. Civ. Code § 52.1<br>8. Violation of Cal. Penal Code § 502(c) – Unauthorized Computer Access<br>9. Public Disclosure of Private Facts<br>10. Intrusion Upon Seclusion<br>11. Conspiracy<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## **JURY TRIAL DEMANDED**

//

//

Plaintiff TREASURE ORTIZ alleges as follows:

## INTRODUCTION

1.     This is a civil rights action arising from a years-long conspiracy to weaponize police resources against a political candidate. Defendants illegally accessed confidential law enforcement databases to dig up dirt on Plaintiff Treasure Ortiz, fabricated arrest records that never existed, and orchestrated a campaign of political destruction—all because she dared to run for office and speak out against corruption.

2.     When police officers turn their badges into political weapons, when they rifle through confidential databases looking for ammunition against candidates they oppose, and when they spread lies to destroy reputations, they betray their oath and the Constitution. That's exactly what happened here.

3.     Plaintiff brings this action under 42 U.S.C. § 1983 and California law to vindicate her constitutional rights and to ensure that no other candidate suffers the same fate.

## PARTIES

4.     Plaintiff TREASURE ORTIZ is, and at all relevant times was, a resident of San Bernardino, California, and a candidate for San Bernardino City Council.

5.     Defendant CITY OF SAN BERNARDINO ("City") is, and at all relevant times was, a municipal corporation organized and existing under the laws of California.

6.     Defendant SAN BERNARDINO POLICE OFFICERS ASSOCIATION ("SBPOA") is an unincorporated association representing police officers in San Bernardino.

7.     Defendant former San Bernardino Mayor DARREN GOODMAN, is an individual , who plaintiff is informs and believes orchestrated the acts of the City of San Bernardino Police Department's access and using CLETS materials against political rivals.

8.     Defendant Eric McBride sued as an individual, who was the former San Bernardino Chief of Police who Plaintiff is informed and believes directed San Bernardino

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

police officers to use the State's CLETS system to dig up, and then disseminate, dirt on Plaintiff. He disseminated information, knowing the information disseminated was either confidential or not true, but would be used against political rivals.

9.     Defendant STEVE DESROCHERS was, at all relevant times, a Detective with the San Bernardino Police Department and Vice President of the SBPOA, sued in his individual and official capacities. He disseminated information, knowing the information disseminated was either confidential or not true, but would be used against political rivals.

10.     Defendant JOSE LOERA is, and at all relevant times was, a Lieutenant with the San Bernardino Police Department and President of the SBPOA, sued in his individual and official capacities. He disseminated information, knowing the information disseminated was either confidential or not true, but would be used against political rivals.

11.     Defendants JAMES PENMAN, and DOES 7-9 are individuals who conspired with the other defendants to use illegally obtained information for political purposes.

12.     DARREN GOODMAN, is the current the City of San Bernardino Chief of Police, who participated in ratifying the acts of police accessing and using CLETS materials against political rivals.

13.     The true names and capacities of Defendants DOES 1 through 10 are unknown to Plaintiff, who sues such defendants by fictitious names. Plaintiff will amend this complaint when their identities are ascertained.

**JURISDICTION AND VENUE**

14.     This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343 and over her state law claims under 28 U.S.C. § 1367. A timely government tort claim was served on the City of San Bernardino on March 28, 2025. The claim was rejected on May 5, 2025.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

15.    Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in this judicial district.

### FACTUAL ALLEGATIONS

16.    CLETS is a confidential law enforcement database that can only be accessed for legitimate law enforcement purposes. Political opposition research is not a legitimate purpose.

17.    This admission stunned Plaintiff. There was no public record of what Desrochers claimed to have found—a 2006 call for service where Plaintiff was the victim who called police for help.

18.    Shortly after delivering this warning, Miller was placed on administrative leave.

19.    This search coincided with Plaintiff's public criticism of the former Mayor's alleged sexual harassment and cash bribes from city contractors, as well as her criticism of police procurement practices.

The Conspiracy Unfolds

20.    By 2023, Defendants had weaponized the illegally obtained information. They began spreading lies that Plaintiff had been arrested for domestic violence—a complete fabrication.

21.    On October 25, 2023, a survey was sent to 7th Ward residents asking if they would vote for Plaintiff knowing she "has been arrested for domestic violence and was terminated from employment." Both claims were false.

22.    On November 8, 2023, Defendant Penman met with Plaintiff and revealed to her that the SBPOA was "planning on attacking" her in conjunction with former San Bernardino Mayor John Valdivia, including informing voters she'd been arrested.

**The Investigation and Admission**

23.    Plaintiff reported concerns that police were acting as political agents to the then San Bernardino Police Chief Darren Goodman, who, according to Goodman.

4

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Goodman reported that there were no records of a CLETS search relating to her in his department's three-year internal records.

24. After public pressure mounted in July 2024, Chief Goodman stated he requested a Department of Justice CLETS audit.

25. On August 14, 2024, Chief Goodman called Plaintiff. He reported that a DOJ audit confirmed the use of CLETS system to unlawfully run Plaintiff to gather information about. Goodman stated there was "no justifiable reason" to run her and that he would "fire [Detective Desrochers] immediately" *if* he still worked there.

26. On August 29, 2024, Chief Darren Goodman spoke with the plaintiff and reaffirmed his statements, with Scott Beard listening to and/or participating in the conversation. This conversation was not meant to be confidential; it discussed evidence of a crime by a third party, statements made to law enforcement can be used in a criminal case, and the participants knew that Plaintiff was recording the conversation.

27. **(Goodman stated:)** "The statute of limitations is on the date of discovery which is why I'm pursuing the charges on Desrochers because it's from the date of discovery, not from the date of which he did it, which was back in 2020, so we just learned about it now, I'm going to submit to the DA now and hopefully they will file it."

28. **(Goodman stated:)** "It's a minor crime to just run someone you like you know, oh I'm just curious where this person lives. Versus I want information and then I'm going to use this information to hurt this person, that's a whole other level and that's how I feel about this. And I want to nip this in the bud and quite frankly want to make an example of Desrochers whether he is retired or not to send a message to anybody else that's playing these games."

29. **(Goodman stated:)** "So what else do you want me to do?"

30. **(Ortiz)** That's it for now, I appreciate getting this and seeing it.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

31.   **(Goodman Stated:)** "So um, the criminal is going on, I need you to make sure you hook up with Myra and um, while this is an active criminal investigation I can't release any of this until the investigation is concluded. Showing you like I did before, just so you know I'm planning on going forward. But the DA has already been notified not the DA but the DA's office and they know this is coming um and I wanted to preface it with them because of the whole concern about statute of limitations and I said hey look I think this different because we just discovered it and they said yeah, you know you might be right and there may actually be some exceptions because there is a lot of new law based on use of technology and use of information from criminal databases. So, we're hoping that they see it that way once it gets there and they see entirety of the report."

32.   The SBPOA, through its President Loera, admitted to the illegal searches of CLETS systems.

**The Cover-Up Intensifies**

33.   Despite these admissions, Goodman and Loera now deny the intrusions into the States confidential CLETS system and its violations occurred. They now assert Plaintiff is untruthful —even though their own Chief confirmed the illegal searches.

34.   Meanwhile, Defendants escalated their attacks. They created and circulated fake arrest records, posted false information on social media, and continued their campaign to destroy Plaintiff's reputation.

35.   When Plaintiff spoke out, Defendant Loera threatened her: "Don't poke the bear."

**The Damage**

36.   Defendants' actions as described here have been devastating to Plaintiff. She has suffered:

    a.   Severe emotional distress requiring medical treatment

    b.   Damage to her professional reputation

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

    c.     Harm to her academic performance

    d.     Fear of calling 911 or interacting with police

    e.     Lost political and professional opportunities

    f.     Public humiliation and harassment

    g.     She has suffered loss of employment

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 – Fourteenth Amendment Substantive Due Process Violation

### (Against All Defendants)

37.    Plaintiff incorporates paragraphs 1-36 as though fully set forth herein.

38.    The Fourteenth Amendment protects individuals from arbitrary and oppressive government action that shocks the conscience.

39.    Plaintiff has a fundamental right to privacy and informational privacy protected by substantive due process.

40.    Defendants, acting under color of state law, violated this right by:

a. Illegally accessing confidential law enforcement databases without any legitimate purpose

b. Using police resources for political retaliation

c. Disseminating private information to harm Plaintiff's reputation

d. Fabricating criminal records

e. Conspiring to destroy a political candidate using government resources

41.    This conduct shocks the conscience. Police officers using their badges to dig up dirt on political opponents represents a fundamental betrayal of democratic principles.

42.    As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – Fourth Amendment Violation

### (Against City, Desrochers, and Loera)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

43. Plaintiff incorporates paragraphs 1-42 as though fully set forth herein.

44. The Fourth Amendment protects against unreasonable searches and seizures.

45. The CLETS searches of Plaintiff's records constituted searches within the meaning of the Fourth Amendment.

46. These searches were conducted without a warrant, probable cause, reasonable suspicion, or any legitimate law enforcement purpose.

47. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**

**42 U.S.C. § 1983 – First Amendment Retaliation**

**(Against All Defendants)**

48. Plaintiff incorporates paragraphs 1-47 as though fully set forth herein.

49. Plaintiff engaged in constitutionally protected activities including:

    a. Running for political office

    b. Speaking out against corruption

    c. Criticizing city officials and police practices

    d. Participating in the democratic process

50. Defendants retaliated against Plaintiff for this protected speech by:

    a. Illegally searching her records

    b. Creating and disseminating false information

    c. Threatening her ("don't poke the bear")

    d. Orchestrating a campaign to destroy her political career

51. Defendants' retaliatory actions would chill a person of ordinary firmness from continuing to engage in protected activity.

52. Defendants' retaliatory intent was a substantial or motivating factor in their actions.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

53. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – Equal Protection Violation

### (Against All Defendants)

54. Plaintiff incorporates paragraphs 1-53 as though fully set forth herein.

55. Defendants treated Plaintiff differently from similarly situated individuals by targeting her for CLETS searches and political attacks while not subjecting other candidates to such treatment.

56. This differential treatment was motivated by discriminatory animus based on Plaintiff's political views and her willingness to challenge corruption.

57. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – Monell Liability

### (Against City of San Bernardino)

58. Plaintiff incorporates paragraphs 1-57 as though fully set forth herein.

59. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. At all times relevant hereto, Defendant City of San Bernardino (hereinafter "City") was and is a municipal corporation organized and existing under the laws of the State of California, and was acting under color of state law within the meaning of 42 U.S.C. § 1983.

61. At all times relevant hereto, the San Bernardino Police Department was a department of Defendant City, and all officers and employees of the Police Department were acting as agents and employees of Defendant City.

62. The City of San Bernardino Police Chief serves as the final policymaker for the Police Department with respect to law enforcement policies, practices, and

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

customs, including but not limited to policies governing the use of the California Law Enforcement Telecommunications System (CLETS).

63.    Under Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipality may be held liable under § 1983 when execution of a government's policy or custom inflicts constitutional injury. A municipality may be liable for the acts of a final policymaker if these acts caused a constitutional violation.

**UNCONSTITUTIONAL POLICY, CUSTOM, OR PRACTICE**

64.    Defendant City, through its final policymaker Police Chief Eric McBride, established, maintained, directed the use of, and/or ratified an unconstitutional policy, custom, or practice of utilizing CLETS for unauthorized political purposes, including but not limited to:

   a. Conducting unauthorized CLETS searches on political candidates and opponents;

   b. Using CLETS to gather information for political retaliation;

   c. Disseminating confidential CLETS information for political advantage;

   d. Failing to properly supervise, monitor, or audit CLETS usage to prevent political misuse.

65.    This unconstitutional policy, custom, or practice was demonstrated through the following acts:

   a. Plaintiff is informed that on several occasions Chief McBride directed Detective Steve Desrochers, to conduct an unauthorized CLETS search of Plaintiff in an attempt to dissuade her from running from office or when she was publicly speaking out against corruption involving the former Mayor and Police Department;

   b. The systematic use of CLETS searches to compile "files" on political opponents for use in future campaigns;

   c. The dissemination of illegally obtained CLETS information through political operatives, including paid consultants of the Police Officers Association.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**RATIFICATION BY CURRENT FINAL POLICYMAKER**

66. Current Police Chief Darren Goodman, acting as the final policymaker for the Police Department, has ratified the unconstitutional policy established by his predecessor through the following acts:

a. Initially acknowledging in August 2024 that the CLETS searches of Plaintiff were illegal, violated policy and law, and that he would have immediately terminated Detective Desrochers for such conduct;

b. Subsequently denying any wrongdoing occurred, thereby adopting and ratifying the prior administration's determination that using CLETS for political purposes is permissible;

c. Failing to implement meaningful reforms or safeguards to prevent future political misuse of CLETS despite knowledge of systematic abuse.

67. A single decision by a final policymaker can result in municipal liability, and Chief Goodman's shift from acknowledging illegality to denying wrongdoing constitutes a deliberate policy choice that ratifies the unconstitutional custom of political CLETS abuse.

**WIDESPREAD PRACTICE AND DELIBERATE INDIFFERENCE**

68. The unauthorized use of CLETS for political purposes was so persistent and widespread as to constitute a custom or usage with the force of law, as evidenced by:

a. Multiple CLETS searches conducted over multiple years;

b. Knowledge of the practice by multiple levels of Police Department administration;

c. The involvement of high-ranking officers, including the Vice President of the Police Officers Association;

d. The continuation of the practice despite warnings from City Manager that such conduct would violate CLETS policies.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

69. Defendant City was deliberately indifferent to the constitutional violations caused by this policy, custom, or practice, as demonstrated by:

a. The failure to investigate or discipline officers for CLETS misuse despite knowledge of violations;

b. The failure to implement adequate training, supervision, or monitoring systems;

c. The failure to conduct regular audits of CLETS usage until compelled by public pressure;

d. The leak of confidential investigation materials to political operatives, demonstrating ongoing institutional support for the unconstitutional practices.

**CAUSATION AND DAMAGES**

70. The City's unconstitutional policies, customs, and practices were the moving force behind the violations of Plaintiff's constitutional rights, including but not limited to:

a. Violations of the Fourth Amendment right to be free from unreasonable searches;

b. Violations of the First Amendment right to free speech and political participation;

c. Violations of the Fourteenth Amendment right to due process and equal protection.

71. CLETS misuse is subject to disciplinary action and violations of the law may result in criminal and/or civil action. Misuse of such information may adversely affect an individual's civil rights and violates the law.

72. As a direct and proximate result of Defendant City's unconstitutional policies, customs, and practices, Plaintiff has suffered and continues to suffer damages including but not limited to:

a. Damage to reputation and political standing;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

b. Emotional distress, anxiety, and fear of law enforcement;

c. Professional and economic harm;

d. Violation of privacy rights;

e. Deprivation of constitutional rights.

## SIXTH CAUSE OF ACTION

### Violation of California Constitution, Article I, § 1 – Right to Privacy

### (Against All Defendants)

73.  Plaintiff incorporates paragraphs 1-72 as though fully set forth herein.

74.  The California Constitution provides an express right to privacy that is broader than federal protections.

75.  Plaintiff had a reasonable expectation of privacy in her law enforcement records and personal information.

76.  Defendants violated this right by conducting unauthorized database searches and disseminating private information.

77.  Defendants' conduct was a substantial factor in causing Plaintiff's injuries.

78.  As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### Bane Act – Cal. Civ. Code § 52.1

### (Against All Defendants)

79.  Plaintiff incorporates paragraphs 1-78 as though fully set forth herein.

80.  Defendants interfered with Plaintiff's constitutional rights by threats, intimidation, and coercion.

81.  Specifically, Defendant Loera threatened Plaintiff, stating "don't poke the bear" when she spoke about the SBPOA's lies about her.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

82. Defendants' entire scheme was designed to intimidate Plaintiff from exercising her rights to run for office and speak freely.

83. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial, and is entitled to statutory damages, attorney's fees, and punitive damages.

## EIGHTH CAUSE OF ACTION

### Violation of Cal. Penal Code § 502(c) – Unauthorized Computer Access

### (Against Desrochers)

84. Plaintiff incorporates paragraphs 1-83 as though fully set forth herein.

85. Defendant Desrochers knowingly accessed CLETS without permission and for unauthorized purposes.

86. CLETS access is restricted to legitimate law enforcement purposes. Political opposition research is not authorized.

87. As a direct and proximate result of this violation, Plaintiff suffered damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### Public Disclosure of Private Facts

### (Against All Defendants)

88. Plaintiff incorporates paragraphs 1-87 as though fully set forth herein.

89. Defendants publicly disclosed private facts about Plaintiff, including false claims of arrest and termination.

90. These disclosures were made to the public through surveys, social media posts, podcasts, and campaign materials.

91. The disclosed information (even though false) would be highly offensive to a reasonable person.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

92. The information was not of legitimate public concern in the manner presented.

93. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

## TENTH CAUSE OF ACTION
### Intrusion Upon Seclusion
### (Against Desrochers and Loera)

94. Plaintiff incorporates paragraphs 1-93 as though fully set forth herein.

95. Defendants intentionally intruded into Plaintiff's private affairs by illegally accessing confidential databases.

96. A reasonable person would find this intrusion highly offensive.

97. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION
### Conspiracy
### (Against All Defendants)

98. Plaintiff incorporates paragraphs 1-97 as though fully set forth herein.

99. Defendants conspired and agreed among themselves to violate Plaintiff's rights through illegal database searches and political attacks.

100. Defendants committed overt acts in furtherance of the conspiracy, including the CLETS searches, creation of false records, and dissemination of lies.

101. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

//

//

**PRAYER FOR 5TH CAUSE OF ACTION (*MONELL* ONLY)**

WHEREFORE, Plaintiff prays for judgment against Defendant City of San Bernardino as follows:

1. Compensatory damages in an amount to be proven at trial;

2. Punitive damages in an amount sufficient to deter future misconduct;

3. Declaratory relief that Defendant's policies, customs, and practices violate the Constitution;

4. Injunctive relief requiring implementation of proper CLETS oversight and monitoring;

5. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

6. Such other and further relief as the Court deems just and proper.

**PRAYER FOR RELIEF (All Causes)**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Compensatory damages in an amount to be proven at trial;

2. Punitive damages against individual Defendants;

3. Injunctive relief requiring:

   a. Implementation of CLETS audit procedures

   b. Training on proper CLETS usage

   c. Prohibition on political use of police resources

4. Declaratory relief that Defendants' conduct violated Plaintiff's constitutional rights;

5. Statutory damages under the Bane Act;

6. Attorney's fees under 42 U.S.C. § 1988 and Cal. Civ. Code § 52.1;

7. Costs of suit;

8. Such other relief as the Court deems just and proper.

Dated: November 5, 2025                    SCHLUETER LAW FIRM, PC

                                           //S/ PETER SCHLUETER
                                           _____
                                           Peter B. Schlueter, Attorney for Plaintiff
                                           Treasure Ortiz

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF