Peter Schlueter - SBN 155880
SCHLUETER LAW FIRM, PC
22400 Barton Road, No. 21-538
Grand Terrace, CA 92313
P: 909.381.4888
F: 909.381.9238
E: Schlueterlawoffice@Yahoo.Com

Attorneys for Plaintiff Treasure Ortiz

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Treasure Ortiz, an individual,<br><br>PLAINTIFF,<br><br>V.<br><br>City of San Bernardino, a municipality; San Bernardino Police Officers Association, an unincorporated association; Eric McBride, an individual and in official capacity; Steve Desrochers, an individual; Jose Loera, an individual; James Penman, an individual; Darren Goodman, an individual and in official capacity; and DOES 1 through 10, inclusive,<br><br>DEFENDANTS. | Case No.:5:25−cv−03045−SSS−ACCV<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Fourteenth Amendment Substantive Due Process Violation 42 U.S.C. § 1983<br>2. Fourth Amendment Violation- 42 U.S.C. § 1983<br>3. First Amendment Retaliation - 42 U.S.C. § 1983<br>4. Equal Protection Violation-42 U.S.C. § 1983<br>5. *Monell* Liability-42 U.S.C. § 1983<br>6. Violation of California Constitution, Article I, § 1 – Right to Privacy<br>7. Bane Act – Cal. Civ. Code § 52.1<br>8. Violation of Cal. Penal Code § 502(c) – Unauthorized Computer Access<br>9. Public Disclosure of Private Facts<br>10. Intrusion Upon Seclusion<br>11. Violation of Cal. Penal Code § 502(c)<br>12. Public Disclosure of Private Facts<br>13. Intrusion Upon Seclusion<br>14. Conspiracy<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff TREASURE ORTIZ alleges as follows:

**INTRODUCTION**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2. This is a civil rights action arising from a years-long conspiracy to weaponize police resources against a political candidate and outspoken critic of San Bernardino City political machine, including former San Bernardino City Attorney James Penman who ran for a seat on the City of San Bernardino City Council. Defendants illegally accessed confidential law enforcement databases in an attempt to dig up dirt on Plaintiff Treasure Ortiz, or used the material including embellishing and exaggerating the record and alleging an arrest record where only detentions or investigations occurred, to  orchestrate a campaign of political destruction and coercion—all because she dared to run for office and speak out against corruption.

3. When police officers turn their badges into political weapons, rifle through confidential databases for ammunition against political opponents, and spread lies and embellishments to destroy reputations and coerce acquiescence, they betray their oath, the Constitution, and Federal law. That's exactly what happened here.

4. Plaintiff brings this action under 42 U.S.C. § 1983, the Hatch Act, CFAA, 18 U.S.C.S. § 241, and California law to vindicate her constitutional and statutory rights and ensure that no other candidate suffers similar abuses by federally funded local officials.

**PARTIES**

5. Plaintiff TREASURE ORTIZ is, and at all relevant times was, a resident of San Bernardino, California, and a candidate for San Bernardino City Council.

6. Defendant CITY OF SAN BERNARDINO ("City") is, and at all relevant times was, a municipal corporation organized and existing under the laws of California.

7. Defendant SAN BERNARDINO POLICE OFFICERS ASSOCIATION ("SBPOA" or "POA") is an unincorporated association representing police officers in San Bernardino.  It is not a government entity.  It acted with and for

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

government actors in this matter.  It is being sued herein wherever Defendant Jose Loera is named, under the theory of respondeat superior.

8. Defendant former San Bernardino Mayor Valdivia,  is an individual who Plaintiff is informed and believes orchestrated the acts of the City of San Bernardino Police Department's access and use of CLETS materials against political rivals.

9. Defendant ERIC McBRIDE, sued as an individual, was the former San Bernardino Chief of Police who Plaintiff is informed and believes directed San Bernardino police officers to use the State's CLETS system to dig up, and then disseminate, dirt on Plaintiff for political purposes.

10. Defendant STEVE DESROCHERS was, at all relevant times, a Detective with the San Bernardino Police Department and Vice President of the SBPOA, sued in his individual and official capacities.

11. Defendant JOSE LOERA is, and at all relevant times was, a Lieutenant with the San Bernardino Police Department and President of the SBPOA, sued in his individual and official capacities.

12. Defendants JAMES PENMAN, and DOES 7-9 are individuals who conspired with the other defendants to use illegally obtained information for political purposes.

13. DARREN GOODMAN, is the current City of San Bernardino Chief of Police, who participated in ratifying the acts of police accessing and using CLETS materials against political rivals.

14. The true names and capacities of Defendants DOES 1 through 10 are unknown to Plaintiff, who sues such defendants by fictitious names. Plaintiff will amend this complaint when their identities are ascertained.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over her state law claims under

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

28 U.S.C. § 1367. A timely government tort claim was served on the City of San Bernardino on March 28, 2025 and rejected on May 5, 2025.

16. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in this judicial district.

**FEDERAL FUNDING AND FEDERAL CONNECTION ALLEGATIONS**

17. On information and belief, at all relevant times, Defendant City of San Bernardino and its Police Department received substantial federal funds, including but not limited to:

a. Department of Justice Community Oriented Policing Services (COPS) grants;

b. Edward Byrne Memorial Justice Assistance Grants (JAG);

c. American Rescue Plan Act (ARPA) and CARES Act funding;

d. Other United States Department of Justice and Department of Homeland Security law enforcement grants.

18. These federal funds supported the operating budget, personnel, and technological capabilities for the City of San Bernardino—including the systems used to unlawfully access Plaintiff's confidential data. As such, the City of San Bernardino, its Police Department, and their employees were subject to the requirements and prohibitions of the Hatch Act, 5 U.S.C.S. § 1502, the Computer Fraud and Abuse Act, 18 U.S.C.S. § 1030, and 18 U.S.C.S. § 241.

19. Plaintiff will seek discovery regarding the specific federal grants, amounts, and uses for which the City and Police Department received and expended federal funds from 2019 to the present, as such funding establishes a direct federal connection for the purposes of federal law and 42 U.S.C. § 1983.

**FACTUAL ALLEGATIONS**

20. Plaintiff incorporates paragraphs 1-18 as though fully set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

21. CLETS is a confidential law enforcement database that can only be accessed for legitimate law enforcement purposes. Political opposition research is not a legitimate purpose.

22. On March 4, 2020, Treasure Ortiz made comments at a city council meeting that were critical of then San Bernardino City Mayor John Valdivia. Shortly after those comments were made, on March 12, 2020, Defendant, San Bernardino City Police Detective Steve Desrocher, acting outside the scope of any official investigation and without any articulable law enforcement purpose, accessed the California Law Enforcement Telecommunications System (CLETS) to retrieve Plaintiff's criminal history, Department of Motor Vehicles records, address, and related records. Plaintiff is informed and believes that Detective Desrochers subsequently transmitted this confidential information to the San Bernardino Police Officers Association (POA). In 2023, CLETS materials were used in a politically motivated smear campaign against Ortiz as she renewed her run for the San Bernardino City Council. During that time, Jose Lorea served as both a San Bernardino Police Sergeant and the President of the San Bernardino POA. The POA, Desrochers, Loera, and other defendants, and DOES 1-5, supported Ortiz's opponent in that contest, defendant James Penman, who was the former City Attorney for the City of San Bernardino. Plaintiff is informed and believes that Penman knew of the other defendants' acts and actively accepted and used information gleaned from CLETS in his campaign, changing basic information to place a negative, untruthful spin on it. Such actions were performed with the approval of San Bernardino Police Chief Goodman and San Bernardino's former Police Chief Eric McBride.

23. The above actions occurred while Defendants were acting in positions funded in part by federal grants, utilizing federally subsidized equipment and resources.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

24. Plaintiff first discovered the 2020 CLETS access and subsequent disclosure on August 14, 2024. That same month, the San Bernardino Police Department conducted an internal audit and log review confirming the detective's CLETS query tied to Plaintiff.  The information that the Detective Desrocher had accessed CLETS to obtain political dirt, to be used against Plaintiff was confirmed by Chief Goodman in a recorded discussion on August 24, 2024, and with San Bernardino Police Officers' Association President (and police sergeant) Jose Loera.

25. On information and belief, the California Department of Justice also conducted an audit concerning the CLETS access, which confirmed that the CLETS access occurred and that usage details, including the date and relevant system logs, were reviewed.

26. The jurisdictions implicated by these events include the State of California and its superior courts. These facts demonstrate that Plaintiff's confidential CLETS-linked information was accessed without a legitimate investigative basis and disclosed for political purposes to an unauthorized recipient.

27. By 2023, Defendants had weaponized the illegally obtained information, spreading lies that Plaintiff had been arrested for domestic violence—a complete fabrication.

28. On October 25, 2023, a survey was sent to 7th Ward residents asking if they would vote for Plaintiff knowing she "has been arrested for domestic violence and was terminated from employment." Both claims were false.

29. On November 8, 2023, Defendant Penman met with Plaintiff and revealed to her that the SBPOA was "planning on attacking" her in conjunction with former San Bernardino Mayor John Valdivia, including informing voters she'd been arrested.

30. Plaintiff reported concerns that police were acting as political agents to then San Bernardino Police Chief Darren Goodman. After public pressure mounted

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

in July 2024, Chief Goodman stated he requested a Department of Justice CLETS audit.

31. On August 14, 2024, Chief Goodman called Plaintiff and reported that a DOJ audit confirmed the use of CLETS to unlawfully run Plaintiff to gather information about her. Goodman stated there was "no justifiable reason" to run her and that he would "fire [Detective Desrochers] immediately" if he still worked there.

32. Current Police Chief Darren Goodman, as final policymaker, initially acknowledged in August 29, 2024 that the CLETS searches were illegal and violated policy and law, but he subsequently denied any wrongdoing occurred, thereby ratifying the prior administration's determination that using CLETS for political purposes is permissible.

33. Despite these admissions, Defendants escalated their attacks: they created and circulated fake arrest records, posted false information on social media, and continued their campaign to destroy Plaintiff's reputation.

34. When Plaintiff spoke out about the POA, and lies derived from the CLETS materials acquired from Desroachers, Defendant Loera threatened her: "Don't poke the bear."

35. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe emotional distress, reputational harm, economic loss, and deprivation of constitutional and statutory rights.

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983 – Fourteenth Amendment Substantive Due Process Violation**

**(Against All Defendants)**

36. Plaintiff incorporates paragraphs 1-34 as though fully set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

37. The Fourteenth Amendment protects individuals from arbitrary and oppressive government action that shocks the conscience, including violations of informational privacy.

38. Defendants, acting under color of state law violated Plaintiff's right to privacy by:

a. Illegally accessing confidential law enforcement databases without any legitimate law enforcement purpose;

b. Using police resources for political retaliation and coercion by disseminating private information from CLETS database;

d. Embellishing upon criminal records derived from a CLETS database that was downloaded by Desrocher, and Does 1 &2, and conspiring to destroy a outspoken political opponent and occasional candidate using government resources.

39. This conduct shocks the conscience and is actionable under § 1983. See Anderson v. Blake, 469 F.3d 910, 914 (10th Cir. 2006).

40. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**42 U.S.C. § 1983 – Fourth Amendment Violation**

**(Against the Eric McBride, Darren Goodman, Desrochers, and Loera, AND THE POA)**

41. Plaintiff incorporates paragraphs 1-39 as though fully set forth herein.

42. The Fourth Amendment protects against unreasonable searches and seizures.

43. The CLETS searches of Plaintiff's records constituted searches within the meaning of the Fourth Amendment and were conducted without a warrant, probable cause, reasonable suspicion, or legitimate law enforcement purpose.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

44. Plaintiff is informed and believe that the defendants knew of search, and either performed the search, encouraged or ordered the search, or ratified the search after the fact.

45. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**

**42 U.S.C. § 1983 – First Amendment Retaliation**

**(Against All Defendants, except the City of San Bernardino)**

46. Plaintiff incorporates paragraphs 1-43 as though fully set forth herein.

47. The First Amendment protects private speech from government interference or restriction when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.

48. Plaintiff engaged in constitutionally protected activities including running for political office, speaking out against public corruption, criticizing city officials and police practices, and otherwise participating in the democratic process.

49. Defendants Eric McBride, Darren Goodman, Desrochers, Jose Loera, James Penman,  and Does 1-8 retaliated against Plaintiff for this protected speech or participation in the electoral process, by:

a. Illegally searching unlawfully searching State criminal database records (CLETS) without authorization ;

b. Disseminating information about police contacts not leading to any conviction that were contained in the CLETS records, and also distorting and/or embellishing the information, and creating and disseminating false scenarios based on the CLETS disclosed information;

c. Threaten Plaintiff that her participation in the democratic process, and criticizing government actors, politicians, would evoke retaliatory responses against her  ("don't poke the bear");

d. Culminating in orchestrating a campaign to destroy her political career.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

50. In targeting Plaintiff Defendants Penman, Desrochers, Loera, Goodman, McBride, and Does 1-10 engaged in impermissible viewpoint-based discrimination in violation of established First Amendment principles, while acting under color of law or in conjunction with those acting under color of law.

51. Defendants' retaliatory intent was a substantial or motivating factor in their actions, and their actions and threats were meant to, and would normally chill a person of ordinary firmness from continuing to engage in protected First Amendment activity.

52. Defendants knew, or reasonably should have known, that their conduct would violate Plaintiffs' federal constitutional rights.

53. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

54. The acts were done willfully, with malice and oppression.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – Equal Protection Violation

### (Against All Defendants)

55. Plaintiff incorporates paragraphs 1-48 as though fully set forth herein.

56. Defendants treated Plaintiff differently from similarly situated individuals by targeting her for CLETS searches and political attacks while not subjecting other candidates to such treatment, motivated by discriminatory animus based on Plaintiff's political views.

57. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – Monell Liability

### (Against City of San Bernardino)

58. Plaintiff incorporates paragraphs 1-51 as though fully set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

59. At all times relevant, Defendant City was a recipient of federal law enforcement grants, thereby subjecting its employees and agents to the requirements and prohibitions of the Hatch Act, CFAA, and related federal statutes.

60. The City, through its final policymakers, Chiefs of police, Eric McBride and Darren Goodman, established, maintained, directed, and/or ratified an unconstitutional policy, custom, or practice of utilizing CLETS for unauthorized political purposes, including:

a. Conducting unauthorized CLETS searches on political candidates and outspoken opponents to the Department and their perceived allies;

b. Using CLETS to gather information for political retaliation and coercion;

c. Disseminating confidential CLETS information for political advantage;

d. Failing to properly supervise, monitor, or audit CLETS usage.

61. The City's unconstitutional policies, customs, and practices were the moving force behind the violations of Plaintiff's constitutional rights.

62. As a direct and proximate result, Plaintiff has suffered and continues to suffer damages including but not limited to: reputational harm, emotional distress, economic loss, and deprivation of constitutional rights.

**SIXTH CAUSE OF ACTION**

**Violation of 5 U.S.C.S. § 1502 (Hatch Act)**

**(Against All Defendants)**

63. Plaintiff incorporates paragraphs 1-56 as though fully set forth herein.

64. At all times relevant, the City of San Bernardino and its Police Department received federal funds, and Defendants' salaries, equipment, or operating expenses were paid in whole or in part by such funds.

65. 5 U.S.C.S. § 1502 prohibits any state or local officer or employee whose principal employment is in connection with an activity financed in whole or in

part by federal funds from using their official authority or influence to interfere with or affect the result of an election or nomination for office.

66. Defendants, acting under color of law and in their official capacities as federally funded local officials, accessed confidential databases and disseminated Plaintiff's private information for partisan political purposes—to influence the outcome of a municipal election and destroy Plaintiff's candidacy.

67. Defendants' misuse of federally funded employment and resources for political retaliation and election interference constitutes a violation of the Hatch Act.

68. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**

**Violation of 18 U.S.C.S. § 241 (Conspiracy Against Rights)**

**(Against All Defendants)**

69. Plaintiff incorporates paragraphs 1-62 as though fully set forth herein.

70. 18 U.S.C.S. § 241 prohibits two or more persons from conspiring to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right or privilege secured by the Constitution or federal law.

71. Defendants conspired among themselves and with others to use police resources and confidential law enforcement databases, funded in part by federal grants, to oppress, intimidate, and retaliate against Plaintiff for her protected political activity.

72. Defendants' conduct was intended to chill Plaintiff's exercise of her rights to run for office, speak out against government corruption, and participate in the political process.

73. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## EIGHTH CAUSE OF ACTION

### Violation of 18 U.S.C.S. § 1030 (Computer Fraud and Abuse Act)

### (Against Desrochers and All Defendants Who Participated in the Access)

74. Plaintiff incorporates paragraphs 1-67 as though fully set forth herein.

75. CLETS is a protected computer system within the meaning of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C.S. § 1030.

76. Defendant Desrochers, and others acting in concert with him, intentionally accessed CLETS without authorization or in excess of authorized access, and obtained information for purposes unrelated to any legitimate law enforcement function.

77. The information was obtained for political advantage and disseminated to unauthorized third parties, in violation of the CFAA.

78. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### Violation of California Constitution, Article I, § 1 – Right to Privacy

### (Against All Defendants)

79. Plaintiff incorporates paragraphs 1-72 as though fully set forth herein.

80. The California Constitution provides an express right to privacy that is broader than federal protections.

81. Plaintiff had a reasonable expectation of privacy in her law enforcement records and personal information and has limited options to seek remedies regarding  an intrusion into her privacy.

82. Defendants violated this right by conducting unauthorized database searches and disseminating private information.

83. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## TENTH CAUSE OF ACTION

### Bane Act – Cal. Civ. Code § 52.1

### (Against All Defendants)

84. Plaintiff incorporates paragraphs 1-77 as though fully set forth herein.

85. Defendants interfered with Plaintiff's constitutional rights by threats, intimidation, and coercion.

86. Specifically, Defendant Loera threatened Plaintiff, stating "don't poke the bear" when she spoke about the SBPOA's lies about her. This was more than mere speech, since co-actors Desrochers, Eric McBride, Darren Goodman, Jose Loera, James Penman, had unlawfully accessed (or supported the unlawful access) into the state's criminal database, CLETS, in order to obtain intelligence and information to be disseminated and used against Treasure Ortiz.

87. Defendants' entire scheme was designed to intimidate Plaintiff from exercising her rights to run for office and speak freely.

88. As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial, and is entitled to statutory damages, attorney's fees, and punitive damages.

## ELEVENTH CAUSE OF ACTION

### Violation of Cal. Penal Code § 502(c) – Unauthorized Computer Access

### (Against Desrochers, Eric McBride and Goodman)

89. Plaintiff incorporates paragraphs 1-82 as though fully set forth herein.

90. Defendant Desrochers knowingly accessed CLETS without permission and for unauthorized purposes.

91. CLETS access is restricted to legitimate law enforcement purposes. Political opposition research is not authorized.  Its compilation of records is meant as a resource for the People of the State of California, but kept strictly confidential

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

and only accessible by law enforcement and only if conducting official law enforcement duties.

92.As a direct and proximate result of this violation, Plaintiff suffered damages in an amount to be proven at trial.

## TWELFTH CAUSE OF ACTION

### Public Disclosure of Private Facts

### (Against All Defendants)

93.Plaintiff incorporates paragraphs 1-86 as though fully set forth herein.

94.Defendants publicly disclosed private facts about Plaintiff, including false claims of arrest and termination.

95.These disclosures were made to the public through surveys, social media posts, podcasts, and campaign materials.

96.The disclosed information (even though false) would be highly offensive to a reasonable person.

97.The information was not of legitimate public concern in the manner presented.

98.As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

## THIRTEENTH CAUSE OF ACTION

### Intrusion Upon Seclusion

### (Against Desrochers, Loera, the POA, Goodman, McBride, Penman)

99.Plaintiff incorporates paragraphs 1-92 as though fully set forth herein.

100.    Defendants intentionally intruded into Plaintiff's private affairs by illegally accessing confidential databases.

101.    A reasonable person would find this intrusion highly offensive.

102.    As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## FOURTEENTH CAUSE OF ACTION

### Conspiracy

### (Against All Defendants, except the City of San Bernardino)

103.    Plaintiff incorporates paragraphs 1-96 as though fully set forth herein.

104.    Defendants conspired and agreed among themselves to violate Plaintiff's rights through illegal database searches and political attacks.

105.    Defendants committed overt acts in furtherance of the conspiracy, including the CLETS searches, creation of false records, and dissemination of lies.

106.    As a direct and proximate result, Plaintiff suffered damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

107.    WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

108.    Compensatory damages in an amount to be proven at trial;

109.    Punitive damages against individual Defendants;

110.    Declaratory relief that Defendants' conduct and policies violate Plaintiff's constitutional and statutory rights, including the Hatch Act and CFAA;

111.    Injunctive relief requiring:

a. Implementation of CLETS audit procedures;

b. Training on proper CLETS usage;

c. Prohibition on political use of police resources;

d. Compliance with the Hatch Act and federal grant conditions;

112.    Statutory damages under the Bane Act;

113.    Attorney's fees under 42 U.S.C. § 1988 and Cal. Civ. Code § 52.1;

114.    Costs of suit;

115.    Such other and further relief as the Court deems just and proper.

16
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Dated: February 25, 2026                    SCHLUETER LAW FIRM, PC

                                            //S/ PETER SCHLUETER

                                            _____
                                            Peter B. Schlueter, Attorney for Plaintiff
                                            Treasure Ortiz

## DEMAND FOR JURY TRIAL

116.     Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: February 25, 2026                    SCHLUETER LAW FIRM, PC

                                            //S/ PETER SCHLUETER

                                            _____
                                            Peter B. Schlueter, Attorney for Plaintiff
                                            Treasure Ortiz

17
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF